**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. NO. 19-312 (BAH)(RMM)** |
| | : | |
| **KYLE PIUNTI** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(A) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

## I. Procedural History

On September 17, 2019, the grand jury returned an indictment charging the defendant with one count of Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of Title 18 U.S.C. § 111 (a)(1) and (b), one count of Theft of Government Property, in violation of Title 18 U.S.C. § 641 and one count of Destruction of Government Property, in violation of Title 18 U.S.C. § 1361. At the initial appearance on September 20, 2019, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(A) of the federal bail statute, which was granted by the Court. The Court set a detention hearing for Tuesday, September 24, 2019.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). The parties may proceed by way of proffer and hearsay is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. Therefore, the defendant should be detained. See 18 U.S.C. § 3142(e)(1).

**A.    Nature and Circumstances of the Offenses Charged**

On August 21, 2019 at approximately 7:40 p.m., CSO Paul Sacca observed the defendant inside of a USMS vehicle in the parking lot outside District Court. CSO Sacca told the defendant

to get out.  The defendant became aggressive, shoving CSO twice and CSO Sacca called for backup.  CSO Gary Johnson came out and an altercation occurred between CSO Sacca, CSO Johnson and the defendant in the parking lot.  The defendant once again pushed CSO Sacca, causing him to fall to the ground and injure his ankle and his head.   The Federal Protective Service (FPS) responded to assist.   The defendant then ran and a foot pursuit ensued throughout the area (near Superior Court and the Court of Appeals).  The defendant was subsequently detained. Numerous items were recovered from the defendant including a single blade of a key and a Citi Fleet credit card in the name of the USMS for the vehicle that the defendant had been inside.

The defendant was positively identified as the individual who assaulted CSO Sacca.   Law enforcement inspected the USMS vehicle that the defendant had been seen inside.  There was considerable damage to the inside of the vehicle including exposed wires under the steering wheel and in the glove box.  The lights inside the vehicle did not work, indicating the power had been disabled.  Also, there were personal items that appeared to be defendant's, as they did not belong to the USMS.  The key fob for the vehicle was recovered which had been disassembled.  The single key blade on the defendant's person matched this disassembled fob.

The indictment constitutes probable cause to believe that the defendant intentionally forcibly assaulted, impeded, intimidated and interfered with CSO Sacca, a federal employee, while he was engaged in or on account of the performance of his official duties.  The assault occurred right outside of the U.S. District Court for the District of Columbia after the defendant was found unlawfully inside of a USMS vehicle.  Furthermore, the charged offense constitutes a crime of violence.  U.S. v. Taylor, 848 F.3d 476, 492-93 (1st Cir. 2017); U.S. v. Hernandez-Hernandez, 817 F.3d 207, 217 (5th Cir. 2016) and U.S. v. Female, 566 F.3d 943, 947-48 (9th Cir. 2009).

Indeed, CSO Sacca suffered a significant bodily injury that is "painful and obvious, or of the type for which medical attention ordinarily would be sought". U.S.S.G. § 1B1.1 (b), cmt. n. 1 (B). Specifically, CSO Sacca was taken to MedStar Georgetown University Hospital by emergency medical services. He suffered a dislocated joint in his ankle and surgery is imminent. He was administered a walking boot, which he is wearing pending surgery. He was also placed on a restriction that prohibits him from driving. He is expected to be excused from his work duties for at least one month due to his injuries.

**B.**     **Weight of the Evidence Against the Defendant**

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is quite strong. The assault occurred right in front of the U.S. District Court for the District of Columbia after the defendant was found inside of a USMS vehicle and was captured on a video surveillance camera. The incident also occurred in the presence of at least one additional member of law enforcement. Finally, the defendant was identified as the person who assaulted CSO Sacca in close temporal proximity to the assault.

**C.**     **The Defendant's History and Characteristics**

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention. The instant case was originally charged in D.C. Superior Court under Case No. 2019 CMD 10925, prior to being indicted in this court. At the time of the charged offense, the defendant was on pretrial release in D.C. Superior Court Case No. 2019 CMD 10256, with charges of Attempted Unauthorized Use of a Vehicle and Unlawful Entry of a Motor Vehicle, which involve similar facts to the instant case. Prior to the dismissal of those matters in Superior Court, the defendant was non-compliant in both cases.

Specifically, the Pretrial Services Agency reported that (1) it had no contact with the defendant upon his release, (2) he failed to verify his address (which still has not been verified) as ordered by the court, (3) he had not reported for a drug assessment as ordered by the court and (4) he had not reported for a mental health assessment as ordered by the court.  Furthermore, pretrial services attempted to contact the defendant via telephone and letter, without success. Additionally, based on the information contained in the Pretrial Services Agency report the defendant does not appear to have meaningful connections to the District of Columbia, is not gainfully employed and has tested positive for amphetamines twice within the past 30 days.  Thus, it is the government's position that the defendant is not likely to abide by any court orders or conditions of release and should therefore be detained pretrial in this matter.

**D.    Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention.  The charged offense here is a crime of violence punishable by a maximum term of imprisonment of up to twenty years.  The details surrounding this offense, including the use of force by the defendant greatly concern the government.  Moreover, the spontaneity of the defendant's assaultive conduct and persistence even after CSO Sacca sought the assistance of his fellow law enforcement officers is alarming. Notably, due to the defendant actions CSO Sacca suffered serious injuries that will require surgery. For these reasons, the government submits that the defendant poses a significant threat of danger to the community and the Court should order his detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By:     /s/
LISA NICOLE WALTERS
D.C. Bar No. 974-492
Assistant United States Attorneys
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-7499
E-mail: Lisa.Walters@usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Eugene Ohm via the Electronic Case Filing (ECF) system, this 23rd day of September, 2019.

/s/
Lisa N. Walters
Assistant United States Attorney