UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | 19 Cr. 312 (BAH) |
| v. | : | |
| KYLE PIUNTI | : | |
| Defendant. | : | |

**DEFENDANT'S UNOPPOSED MOTION FOR**
**EXPEDITED SENTENCING TO TIME SERVED**

**INTRODUCTION**

Defendant Kyle Piunti respectfully moves this Court to advance his sentencing, currently scheduled for June 4, 2020, to the most immediate date available consistent with the Court's schedule. As explained in this memorandum, after extensive discussions between the parties, the Government has agreed not to oppose the defense request for time served in this case. The parties have also agreed to jointly request as conditions of probation that: (1) Mr. Piunti live in Veterans Administration approved housing for the next ninety days; (2) he not change his residence during the 90 days or thereafter without prior notice and approval from Probation; (3) he participate in any counseling services recommended by either the Veterans Administration or the Probation Office; (4) be on supervised release for three years, subject to a future request to modify; and (5) abide by all other standard conditions of probation. For all the reasons set forth herein, this jointly recommended sentence and conditions of probation will satisfy the "overarching goal" that the court impose a sentence "sufficient, but no greater than necessary" to punish and deter. Kimbrough v. United States, 552 U.S. 85, 101 (2007).

## BACKGROUND

Defendant Kyle Piunti is pending sentencing after pleading guilty to Count One of the Indictment, which charges him with assaulting a court security officer, in violation of 18 United States Code Section 111. The parties agree that his adjusted sentencing guideline is 12-18 months and (as of the filing of this motion) he has already been incarcerated for one hundred and eighty-seven (187) days.[1] Because of the national lockdown caused by the coronavirus, his sentencing has been continued twice, from its originally scheduled date of April 10, 2020 until June 4, 2020, almost six weeks from now.

Notably, the victim in this case has indicated to the Presentence Writer that he does not want any additional period of incarceration for the defendant and is not requesting restitution for his medical expenses. Before his current problems, Mr. Piunti had an honorable career as a member of the United States Army Rangers – one of the nation's most elite fighting forces.

For all of these reasons, over the course of the last weeks, the parties have extensively discussed how to balance all of the competing issues in this case to achieve a fair resolution that balances all of the sentencing interests in this case

## LEGAL ANALYSIS

**Federal Sentencing Guidelines**

In United States v. Booker, 542 U.S. 220 (2005), the Supreme Court ruled that the federal sentencing guidelines were no longer mandatory, but merely advisory upon the district courts. Federal district court judges are no longer reduced to the status of automatons, simply calculating a guideline sentence and then being required to impose it. Rather, the current regime is premised

---

[1] Mr. Piunti was incarcerated in this case from September 20, 2019 until October 4, 2020; and then from November 4, 2019 until the present.

on flexible sentencing, after consideration of both the guidelines and the defendant's individualized personal circumstances.

Thus, while a sentencing court will generally begin its analysis with reference to the relevant guideline range, it should entertain arguments from the parties as to whether a non-guidelines sentence is appropriate. Rita v. United States, 551 U.S. 338, 351 (2007). In making this decision, the trial court should generally consider the other sentencing factors set forth in 18 U.S.C. Section 3553(a). Kimbrough v. United States, 552 U.S. 85, 109 (2007). The district courts have discretion to impose a non-guideline sentence based upon their assessment of each individual case. See Gall v. United States, 552 U.S. 38, 47-48 (2007)(abuse of discretion standard applies to review of sentence outside guideline range and there is no mathematical test for reasonableness of sentence).

With these admonitions in mind, this memorandum analyzes the guideline sentence and the other relevant sentencing factors as they apply to this case.

**Presentence Report Adjusted Guideline Calculation**

In this case, the Presentence Report computes the defendant's guideline calculation as follows:

| | |
|---|---|
| Base Offense Level | 10 |
| Specific Offense Characteristic for Touching Victim | +3 |
| Specific Offense Characteristic For Injury To Victim | +2 |
| Downward Adjustment Acceptance of Responsibility | -2 |
| Adjusted Total Offense Level | 13 (12 to 18 months) |

This calculation is consistent with the provisions of the Plea Agreement entered into between the parties and the defendant does not object to the Adjusted Total Offense Level. The Plea Agreement estimated the defendant's Criminal History at 0 points

**FEDERAL SENTENCING FACTORS**

Under the federal sentencing statute, 18 United States Code Section 3553(a), the factors to be considered in the imposition of sentencing include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentencing to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment; (3) specific and general deterrence; (4) the need to provide the defendant with training, medical care, or treatment; available sentencing alternatives; (5) consistency in sentencing among similarly-situated defendants; and (6) the need to provide restitution. See 18 U.S.C. § 3553(a).

1. **Nature And Circumstances Of Offense/Defendant's Personal Characteristics**

Defendant Kyle Piunti is a thirty-one year old former Army Ranger, who served three tours of duty in Afghanistan. He received an Honorable Discharge from the United States Army in November 2013 and upon his return to civilian life enrolled at Columbia University in New York City. He receives a monthly disability benefits as the result of injuries sustained during his military service. A copy of the defendant's military discharge paperwork will be filed under seal with the Court as Exhibit 1. The promise of his exceptional life has been temporarily derailed by the events in this.

On August 21, 2019, Mr. Piunti was found by court security officers inside of a law enforcement vehicle parked behind the United States District of Columbia courthouse. The officers directed the defendant to leave the area and during an ensuing altercation, the defendant pushed one of the officers to the ground, resulting in "a severe ankle injury which

4

subsequently required surgical treatment." PSR at para. 8.

The victim in this case was contacted by Probation and in a demonstration of great generosity, indicated that "I would like to see him successfully complete supervision. I don't want to enhance his sentence. I would be happy with credit for time served. I thanked him for his service and I just want him to get better." PSR at para. 9. Moreover, the victim indicated that he is not seeking restitution for medical expenses.

There is no doubt that the defendant used terrible judgment and committed a crime when he pushed the innocent victim in this case, who was just doing his job. Mr. Piunti is thankful that the injury was not more severe and he has acknowledged remorse for his actions by pleading guilty to the charge against him. He explained to the Presentence Writer that he did not intend to hurt anyone during this event. PSR at para. 11.

The situation presented in this case is further complicated by the defendant's conduct while on pre-trial release. The District Court released Mr. Piunti on personal recognizance into the custody of his mother on October 4, 2019. On November 4, 2019, after an altercation with his parents, Mr. Piunti was incarcerated in the District of Arizona (Phoenix) and held without bond. He was subsequently transferred back to the District of Columbia and has since been held at the DC Jail without bond. The PSR reports that with respect to this incident:

> The defendant's parents indicated to police that they did not want to aid in prosecution of the defendant and only wanted the defendant to enter a mental health facility. The defendant's parents then left their home for the evening and his mother obtained an emergency mental health petition for the defendant.

PSR at para. 29. [2]

---

[2] Mr. Piunti was also charged on September 25, 2019 in the United States District Court for the Eastern District of Virginia, with the misdemeanor offense of *Entering, Naval, Coast Guard property*, in violation of 18 U.S.C. Section 1382. A bench warrant that was previously issued against him in that case has been quashed and the defendant has been ordered to return to court on July 6, 2020 if he is released from custody.

5

## 2. The Remaining Sentencing Guideline Factors

Against the backdrop of his military service and his conduct in this criminal case, the parties have endeavored in good faith to try and agree as to an appropriate sentence that will satisfy the remaining sentencing guideline factors and ensure that the defendant will be adequately monitored so as not to be a risk to himself or others. [3]

In that regard, the Government was very concerned that Mr. Piunti did not have permanent housing – or indeed – anywhere to live if released from custody. The parties believe that this issue has been resolved. Undersigned contacted the Veterans Administration ("VA") and obtained a letter on April 12, 2020, certifying that Mr. Piunti is eligible for benefits, which include:

> **housing (transitional) medical care, psychiatric, substance abuse, and counseling. All services are to take place upon release from custody.**

A copy of the letter will be filed under seal with the Court as Exhibit 2. Moreover, on April 17, 2020, undersigned arranged for a telephone interview between the defendant and a representative of the VA, in which the paperwork for transitional housing and other services was completed.

Undersigned has learned that the availability of such Veterans Administration transitional housing changes daily. Thus, there is a small possibility that there may not be housing available on the day the defendant is released from custody. In the event that there is a day or two delay between release and the availability of VA housing, undersigned will make arrangements for Mr. Piunti to live in a District of Columbia hotel. Moreover, undersigned counsel (or another member of his law firm) will agree to be present when Mr. Piunti is released from jail and to transport

---

[3] The defense, the prosecutors in this case, and Pretrial Services had extensive conversations and exchanges of emails about the possibility of agreeing to conditions of release in this case pending sentencing. The Government ultimately agreed not to oppose the defense request for an expedited sentencing with a request for time served, subject to the conditions of probation suggested in this memorandum. The Government also reviewed this defense pleading prior to its filing, to ensure that there were no misunderstandings between the parties.

6

him to the Veterans Administration, then make sure that he reports to Probation and is fitted for the installation of the GPS bracelet.

Because Mr. Piunti will have a stable living situation if released, the parties have agreed that the Government will not object to the defense request for a sentence of time served and that the defendant will agree to: (1) live in Veterans Administration approved housing for at least the next ninety days; (2) not change his residence without prior notice and approval from Probation; (3) participate in any counseling services recommended by either the Veterans Administration or the Probation Office; (4) remain on supervised release for three years, subject to a future request to modify; and (5) abide by all other standard conditions of probation.

The defendant will also agree to participate in the sentencing of this case via telephone, in accordance with this Court's Standing Order 20-17 (March 30, 202). Moreover, if it will expedite his sentencing, the defendant is willing to waive his right to be present for the sentencing in this case. See *United States v.Bustillo-Sevilla*, 20 Cr. 21 (March 15, 2020 Order holding that defendant could waive right to be present at his sentencing pursuant to Fed. R. Crim. P. 43(c)(1)(B)).

Finally, undersigned counsel has spoken with Mr. Piunti, who has promised – on the same oath that he made to defend this country when he enlisted - to abide by whatever additional conditions that the Court and/or Probation orders, including for example, that he will not leave the Washington, D.C. Metropolitan area without permission of Probation. He will agree to stay away from the courthouse in Washington, D.C except to attend court hearings, while in the company of his counsel. Mr. Piunti has also agreed not to obtain any prescription medication without prior notification to Probation. Mr. Piunti wants to use the opportunity while on

Probation to obtain employment, become self-sufficient, and prove to the Court that he can be trusted.

The defense recognizes Counsel that Mr. Piunti had issues when last released on bond, but during all of undersigned counsel's interactions with Mr. Piunti, the defendant has been lucid and in control of himself and his emotions. He knowingly and voluntarily entered a guilty plea and took responsibility for his conduct. If this Court imposes a sentence of time served, with the requested conditions, Mr. Piunti, would have every reason in the world to comply with the supervised release because he understands that a violation of those conditions would result in revocation and a return to jail. Mr. Piunti has indicated that he is remorseful for the conduct that led him to be charged in this case and has no intention of ever repeating such actions. It is eminently more reasonable to release him from custody, proceed to sentencing when the court system reopens and then determine his custodial status.

## CONCLUSION

For all of these reasons, the defense requests that this Motion be granted; that the defendant's sentencing be expedited and he be sentenced to time served with the suggested conditions of Probation as well as any conditions the Court and/or Probation deems necessary. A proposed draft Order is attached hereto.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
Law Office of Robert Feitel
1300 Pennsylvania Avenue, N.W.
#190-515
Washington, D.C. 20008
D.C. Bar No. 366673
202-255-6637 (cellular)
RF@RFeitelLaw.com

8

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was sent via ECF, to Assistant U.S. Attorney Emory Cole, 555 4th Street, N.W., Washington, D.C. this 20th day of April, 2020

*Robert Feitel*

_____
Robert Feitel